**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

Case No. 26-20293-CR-LEIBOWITZ/HERNANDEZ

UNITED STATES OF AMERICA

        Plaintiff,

v.

BLUE OCEAN INTERNATIONAL
BANK, LLC

        Defendant.

**DEFENDANT BLUE OCEAN INTERNATIONAL BANK, LLC's UNOPPOSED
MOTION TO PERMIT ITS COUNSEL TO APPEAR FOR AND ACT AS
DEFENDANT'S AGENT**

Defendant, Blue Ocean International Bank, LLC (**"Bank"**), respectfully moves this Court

for an Order permitting the Bank's counsel of record to appear for the Bank, including but not

limited to the Initial Appearance, and act as the Bank's agent in this case, including but not limited

to entering a plea on behalf of the Bank.

The Bank's governing body is one Director (who is also the Bank's sole employee); he

resides in Europe and does not maintain personal or business dealings in Florida, prompting this

Motion. Plaintiff, United States of America ("**Government**"), does not oppose this Motion.

## I.    BACKGROUND

On July 18, 2026, the Government filed an Information charging the Bank with one count

of conspiracy under 18 U.S.C. § 371 for willfully failing to report suspicious transactions in

violation of the Bank Secrecy Act, 31 U.S.C. §§ 5318(g) and 5322. The Information alleges that

beginning in or around October 2016 and continuing through in or around August 2022, the Bank,

acting through certain of its officers and employees, agreed with others to willfully fail to file Suspicious Activity Reports with the Financial Crimes Enforcement Network for suspicious transactions relevant to possible violations of law or regulations.

The Bank is a limited liability company that was incorporated in the Commonwealth of Puerto Rico on or about July 26, 2016. On or about October 17, 2016, the Office of the Commissioner of Financial Institutions of Puerto Rico (**"OCFI"**)—the office of the Department of Treasury of Puerto Rico that supervises and regulates Puerto Rico's financial sector—granted the Bank's application for a license to operate as an International Financial Entity (**"IFE"**) pursuant to the International Financial Center Regulatory Act, Act No. 273 (Sep. 25, 2012), as amended by Act No. 154 (Sep. 10, 2014). That IFE license authorized the Bank to, among other things, carry out banking transactions in the currency of any country, participate in foreign currency trade, and engage in other activities authorized by OCFI's regulations. The Bank provided custodial banking services to customers who were non-residents of the United States and its territories, including opening accounts, accepting deposits, maintaining custody of assets, and executing transactions. During the relevant time period, the Bank's principal office was in San Juan, Puerto Rico.

On or about December 22, 2022, the Bank and OCFI entered into a voluntary liquidation plan with an effective date of on or about January 9, 2023. The Bank ceased operations at this time, and Driven Administrative Services has acted as the Bank's administrator for the liquidation.

On or about July 1, 2025, the Bank's sole director resigned. To have a new director, the Bank's shareholder first had to nominate an individual, and then OCFI had to approve the nomination. On or about November 24, 2025, OCFI approved J. Geyr (**"Director"**) as the Bank's sole Director. (**Exhibit A**.)

As detailed in Director's affidavit (**Exhibit B**), Director authorizes the Bank's counsel of record to appear on behalf of the Bank, including but not limited to the Initial Hearing, and act as the Bank's agent, including but limited to entering a plea on behalf of the Bank.

## II.      MEMORANDUM OF LAW

The Bank's counsel can appear on behalf of the Bank and act as the Bank's agent because the Federal Rules of Criminal Procedure allow it and the Bank's governing body (its sole Director) authorized it. (Ex. B ¶¶ 12-13.)

Federal Rule of Criminal Procedure 11 governs the entry of pleas and requires the Court to conduct a colloquy ensuring the defendant understands the charges, the consequences of the plea, and that the plea is voluntary. Federal Rule of Criminal Procedure 43 establishes a general requirement that a defendant be present at criminal proceedings. As it pertains to a corporation, however, Rule 43 provides a categorical exception to this general requirement: "A defendant need not be present [at the initial appearance or the plea if] [t]he defendant is an organization represented by counsel who is present." Fed. R. Crim. P. 43(a)(1), (b)(1); *see also* 18 U.S.C. § 18 (defining "organization" broadly as "a person other than an individual"). Accordingly, procedural rules allow the Bank's counsel to appear on behalf of the Bank, including but not limited to the Initial Hearing, and act as the Bank's agent, including but limited to entering a plea on behalf of the Bank.

Next, the Bank's governing body must authorize the Bank's counsel to act on its behalf. *United States v. Boise Cascade Company*, No. 26-CR-60088, ECF Nos. 7-8 (S.D. Fla. Apr. 21, 2026) (granting defendant's unopposed motion to appear at plea hearing through its counsel or, alternatively, its officer, with the board's approval); *United States v. Manuli Rubber Indus., S.p.A.,* 2008 WL 5533574, at *1 (S.D. Fla. Dec. 10, 2008) (permitting a corporate representative to enter a plea on the corporation's behalf after receiving the board's unanimous authorization).

3

Here, the Bank's sole Director authorizes its counsel to appear on behalf of the Bank, including but not limited to the Initial Hearing, and act as the Bank's agent, including but limited to entering a plea on behalf of the Bank. (Ex. B ¶¶ 12-13.) As detailed in the Director's affidavit, the Director resides in Switzerland and does not maintain business or personal dealings in Florida. (Ex. B ¶¶ 9-10.) It would therefore be inappropriately costly (airfare, hotels, meals, local transportation) for the Bank and burdensome for its Director to travel to Miami for all hearings in this case.

## III.    CONCLUSION

As explained above, Federal Rule of Criminal Procedure 43 states that "[a] defendant need not be present [at the initial appearance or the plea if] [t]he defendant is an organization represented by counsel who is present," and the Bank's governing body (its sole Director) authorizes its counsel to appear on behalf of the Bank, including but not limited to the Initial Hearing, and act as the Bank's agent, including but limited to entering a plea on behalf of the Bank. (Ex. B ¶¶ 12-13.)  Plaintiff, United States of America, does not oppose this Motion.

Therefore, this Court should enter an Order permitting the Bank's counsel of record to appear for the Bank, including but not limited to the Initial Appearance, and act as the Bank's agent in this case, including but not limited to entering a plea.

Respectfully submitted,
August 10, 2026

**HOLLAND & KNIGHT LLP**
*Attorneys for Defendant*
*Blue Ocean International Bank, LLC*
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
(305) 374-8500 (telephone)
(305) 789-7799 (fax)

By: /s/ *Manuel A. Miranda*

Manuel A. Miranda (FBN: 119302)
Manuel.Miranda@hklaw.com

Gary Klubok (FBN: 1031678)
Gary.Klubok@hklaw.com

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of August 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I also certify that the foregoing document is being served this day on counsel on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing electronically.

*/s/ Gary Klubok*
Gary Klubok

## SERVICE LIST

Felipe Plechac-Diaz
DOJ-USAO
500 E. Broward Boulevard
Suite 700
Ft. Lauderdale, FL 33394
Tel: (954) 660-5779
Email:  felipe.plechac-diaz@usdoj.gov

*Lead Attorney*

6