**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-20293-CR-LEIBOWITZ**

**UNITED STATES OF AMERICA,**

**v.**

**BLUE OCEAN INTERNATIONAL BANK, LLC,**

**Defendant.**
________________________________/

**ORDER GRANTING UNOPPOSED MOTION FOR COUNSEL**
**TO APPEAR FOR AND ACT AS DEFENDANT'S AGENT**

THIS CAUSE came before the Court on the Defendant's Unopposed Motion to Permit its Counsel to Appear for and Act as Defendant's Agent [ECF No.5]. Defendant Blue Ocean International Bank, LLC ("the Bank"), asks this Court to allow counsel to act as the Bank's corporate agent, in addition to acting as its attorney. The Government does not oppose the Motion. Being fully advised, it is **ORDERED AND ADJUDGED** that the Motion is **GRANTED.**

Rule 11 of the Federal Rules of Criminal Procedure governs the entry of pleas and requires the Court to conduct a colloquy ensuring the defendant understands the charges, the consequences of the plea, and that the plea is voluntary. Rule 43 establishes a general requirement that a defendant be present at criminal proceedings. As it pertains to a corporation, however, Rule 43 provides a categorical exception to this general requirement: "A defendant need not be present [at the initial appearance or the

plea if] [t]he defendant is an organization represented by counsel who is present." Fed. R. Crim. P. 43(a)(1), (b)(1); *see also* 18 U.S.C. § 18 (defining "organization" broadly as "a person other than an individual").

Accordingly, the Federal Rules allow the Bank's counsel to appear on behalf of the Bank (including but not limited to the Initial Hearing) and act as the Bank's corporate agent (including but limited to entering a plea on behalf of the Bank).

To effectuate this authorization, the Bank's governing body must authorize the Bank's counsel to act on its behalf. *United States v. Boise Cascade Company*, No. 26-CR-60088, ECF Nos. 7-8 (S.D. Fla. Apr. 21, 2026) (granting defendant's unopposed motion to appear at plea hearing through its counsel or, alternatively, its officer, with the board's approval); *United States v. Manuli Rubber Indus., S.p.A.*, 2008 WL 5533574, at *1 (S.D. Fla. Dec. 10, 2008) (permitting a corporate representative to enter a plea on the corporation's behalf).

Here, the Bank's sole Director has authorized its counsel to appear on behalf of the Bank and act as the Bank's corporate agent, including but not limited to entering a plea on behalf of the Bank. (Ex. B ¶¶ 12-13.) As detailed in the Director's affidavit, the Director resides in Switzerland and does not maintain business or personal dealings in Florida. (Ex. B ¶¶ 9-10.) It would therefore be inappropriately costly (including costs for airfare, hotels,

meals, and local transportation) for the Bank and burdensome for its sole Director to travel to Miami for all hearings in this case.

The Motion is granted.

**DONE AND ORDERED** in the Southern District of Florida on August 24, 2026.

______________________________
**DAVID S. LEIBOWITZ**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record