**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-20293-CR-LEIBOWITZ/HERNANDEZ**

**UNITED STATES OF AMERICA**

**v.**

**BLUE OCEAN INTERNATIONAL BANK, LLC,**

**Defendant.**
___________________________________/

**UNOPPOSED MOTION FOR A PROTECTIVE ORDER**
**AUTHORIZING DISCLOSURE OF SENSITIVE INFORMATION**

Pursuant to Federal Rule of Criminal Procedure 16(d), the United States of America files this motion for a protective order regulating disclosure to defense counsel of record for Defendant BLUE OCEAN INTERNATIONAL BANK, LLC (the "defendant") of the discovery materials in this case and certain sensitive information contained therein (the "Discovery"). This Discovery contains personal identification information and sensitive financial information. In support of this motion, the United States represents the following:

1. On July 17, 2026, the United States Attorney for the Southern District of Florida filed an Information charging the defendant with a conspiracy for willfully failing to report suspicious transactions.

2. Federal Rule of Criminal Procedure 16(a)(1)(E) obligates the United States to provide the defendant with access to documents and other items material to the preparation of the defense case.

3. Some of the discovery in this case contains sensitive private financial information of individuals and entities. The financial information contained in the discovery in question includes, but is not limited to, bank account numbers, social security numbers, tax information,

dates of birth, signatures, and residential addresses of various individuals. The discovery also includes personal identifying information of other businesses entities including tax identification numbers, addresses associated with beneficiaries, and corporate form documents.

5. Pursuant to the Order, the United States seeks to disclose to defense counsel records and documents that contain this sensitive private information. The discovery includes voluminous financial records, which contain personal financial and other personal identifying information. In order to comply with its discovery obligations, undersigned counsel must produce, or make available to inspection, those documents containing sensitive private financial information and personal identifying information. The documents and files in question are voluminous, therefore redacting them for sensitive private financial information and personal identifying information is impracticable. The instant motion and proposed order seek to achieve the purpose of prompt disclosure of discovery by the government to the defendant while simultaneously protecting the privacy rights of third parties.

6. Accordingly, in order to ensure the protection of this information and to avoid the disclosure of this information to other individuals, the United States requests that the Court enter an order regulating disclosure of discovery as follows:

a. Counsel of record for the defendant shall hold the discovery materials in strict confidence, disclosing the information marked "Confidential" to counsel's client, staff, investigators, and witnesses *only* to the extent counsel believes is necessary to assist in the defense of this matter;

b. Counsel of record for the defendant shall advise any person to whom the discovery materials are disclosed that, pursuant to the attached Protective Order, the information must be held in strict confidence and the recipient may not further disclose or disseminate the information. Counsel of record for the defendant shall advise any person to whom the Confidential

portion of the discovery is disclosed that such information shall be held in strict confidence, and that further disclosure or dissemination is prohibited without defense counsel's express consent;

c. Defense counsel may discuss with and show the defendant and its board of directors copies of the Confidential portion of Discovery. Under no circumstance shall defense counsel permit any other individual to remove the Confidential portion of Discovery from defense counsel's office, retain any copies of the Confidential portion of Discovery, or reproduce in any manner the Confidential portion of Discovery. To the extent defense counsel wants to provide copies of Discovery that is marked Confidential to the defendant, defense counsel agrees that prior to providing copies to the defendant, the following Sensitive Information (other than that information belonging to the defendant) will be redacted consistent with Federal Rule of Criminal Procedure 49.1, the Crime Victims' Rights Act, 18 U.S.C. § 3771(a)(1), the Privacy Act, and CM/ECF Administrative Procedures, Section 6, Redaction of Personal Information, Privacy Policy, and Inappropriate Materials: personal identification numbers, such as social-security numbers, taxpayer-identification numbers, passport numbers, driver's license numbers, or other identification card numbers; dates of birth; the names of any victims, witnesses, subjects, or targets so that only the initials are visible; financial-account numbers, including bank account numbers, debit card numbers, credit card numbers, and billing account numbers; home addresses; signatures; contact information, such as telephone numbers, e-mail addresses, and social media handles; and financial information. Defense counsel agrees to keep copies in their files of the redacted versions of all Discovery marked Confidential that are provided to the defendant.

d. Counsel of record for the defendant shall obtain a certification from each person, except the defendant, to whom the Confidential portion of the discovery is disclosed, in which the recipient, (1) acknowledges these restrictions as set forth in the Protective Order of the Court and (2) agrees that he or she will not disclose or disseminate the information without express consent

of defense counsel. Counsel shall keep a copy of each certification to identify the individuals who received the Confidential portion of the discovery and the date on which such information was first disclosed; and

e. Counsel of record agree that, upon conclusion of the above captioned case, copies of the Confidential portion of the discovery disclosed to defense counsel pursuant to the terms of this order shall be destroyed or returned to the United States.

**ANALYSIS AND MEMORANDUM OF LAW**

A trial court "can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the material which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969). Indeed, Federal Rule of Criminal Procedure 16(d)(1) permits a court to deny, restrict, or defer pre-trial discovery when a party can demonstrate the need for these types of actions. *See* Fed R. Crim. P. 16(d)(1). The United States does not seek to delay, deny, or restrict the disclosure of information which Rule 16 or the Standing Discovery Order requires. *See, e.g.*, *United States v. Fischel*, 686 F.2d 1082, 1090 (5th Cir. 1982) (stating that "[d]iscovery in criminal cases is narrowly limited [and] makes no provision for the production of the names and addresses of witnesses"). Instead, the United States only seeks to facilitate discovery, while protecting against the improper disclosure or use of an individual's or entities' personally identifiable information or sensitive financial information. The proposed Protective Order, attached as an exhibit hereto, would have no effect on the defendant's ability to prepare their defense and would protect the personally identifiable information and sensitive financial information of numerous individuals and entities.

It is appropriate for any protective order to admonish the parties that the purpose of discovery is trial preparation and that sensitive confidential information provided pursuant to the order is to be used only for that purpose. *See United States v. Gangi*, No. 97 CR 1215(DC), 1998

WL 226196 at *4 (S.D.N.Y. May 4, 1998) (ordering that information disclosed under protective order "[s]hall be used only by defendants and their counsel solely for purposes of this action"); *United States v. Salemme*, 978 F. Supp. 386, 390 (D. Mass. 1997) (requiring the government to make certain disclosures and ordering that those disclosures be used "solely for the purpose of litigating matters in this case"); *see generally United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) ("Discovery, whether civil or criminal, is essentially a private process because the litigants and the courts assume that the sole purpose of discovery is to assist trial preparation. That is why parties regularly agree, and courts often order, that discovery information will remain private.").

WHEREFORE, the United States respectfully requests that this Court, pursuant to the Standing Discovery Order and Rule 16(d)(1) of the Federal Rules of Criminal Procedure, enter the attached protective order concerning the disclosure of personal identifying information and private financial information in connection with this case.

Respectfully submitted,

JASON REDING QUIÑONES
UNITED STATES ATTORNEY

By: */s/ Felipe Plechac-Diaz*
FELIPE PLECHAC-DIAZ
Assistant United States Attorney
Florida Bar No. 0105483
500 East Broward Blvd. STE 700
Fort Lauderdale, FL 33317
Telephone: (954) 660-5779
E-mail: felipe.plechac-diaz@usdoj.gov