**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 26-CR-20293-DSL**

**UNITED STATES OF AMERICA**

**v.**

**BLUE OCEAN INTERNATIONAL BANK, LLC,**

**Defendant.**
______________________________________/

# MEMORANDUM OF LAW

A conspiracy under 18 U.S.C. § 371 requires an agreement between two or more people. But corporations are people too, at least for purposes of criminal and civil liability, and are personified through the actions of their agents. As a result, the Court has asked the government to answer the following question: can a corporation conspiring with its own agents (that is, an "intra-corporate" conspiracy), be consistent with the principle that a private individual cannot conspire with himself? The short answer: Yes, provided the intra-corporate conspiracy involves at least two human actors.

“Although a conspiracy under 18 U.S.C.A. § 371 requires an agreement between two or more persons, we have held that a corporation may be held criminally liable under § 371 when conspiring with its officers or employees. In so holding, we rejected the ‘single entity’ theory that all agents of a corporation engaging in corporate conduct form a single, collective legal person—that is, the corporation—and that the acts of each agent constitute the acts of the corporation.” *United States v. Stevens*, 909 F.2d 431, 432 (11th Cir. 1990) (citing *United States v. Hartley,* 678 F.2d 961, 968–72 (11th Cir.1982), *cert. denied,* 459 U.S. 1170, 103 S.Ct. 815, 74 L.Ed.2d 1014 (1983)); *United States v. Panhandle Trading, Inc.*, 2006 WL 1883436, at 1 (N.D. Fla. July 7, 2006)

("The law is clear that a corporation and its officers or agents may be held liable under § 371 for conspiring with each other.").

The First, Sixth, Eighth, and Ninth Circuits have all ruled similarly. *See United States v. Hughes Aircraft Co.*, 20 F.3d 974, 978–79 (9th Cir.1994) (noting that the intracorporate conspiracy doctrine "has never been applied to criminal cases" and holding that "a corporation may be liable under § 371 for conspiracies entered into by its agents and employees"); *United States v. Ames Sintering Co.*, 927 F.2d 232, 236 (6th Cir.1990) (noting that "'in the criminal context a corporation may be convicted of conspiring with its officers'") (quoting *United States v. S & Vee Cartage Co.*, 704 F.2d 914, 920 (6th Cir.1983)); *United States v. Hugh Chalmers Chevrolet–Toyota, Inc.*, 800 F.2d 737, 738 (8th Cir.1986) (holding that "a corporation may be responsible when two or more high ranking or authoritative agents engage in a criminal conspiracy on its behalf") (quoting "The dealership also claims that a corporate entity cannot be subject to criminal prosecution for conspiracy solely among its own agents. We disagree."); *United States v. Peters*, 732 F.2d 1004, 1008 (1st Cir. 1984) ("The actions of two or more agents of a corporation, conspiring together on behalf of the corporation, may lead to conspiracy convictions of the agents (because the corporate veil does not shield them from criminal liability) and of the corporation (because its agents conspired on its behalf).").

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By: ______________________________

Felipe Plechac-Diaz
Assistant United States Attorney
FL Bar No.: 0105483
500 East Broward Blvd.
Fort Lauderdale, Florida 33394
felipe.plechac-diaz@usdoj.gov