**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 26-CR-20293-DSL**

**UNITED STATES OF AMERICA** Ct. Exh. 3

**v.**

**BLUE OCEAN INTERNATIONAL BANK, LLC,**

**Defendant.**

_________________________________/

PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Blue Ocean International Bank, LLC (hereinafter referred to as "the Defendant"), a corporation organized and existing under the laws of the Commonwealth of Puerto Rico, enter into the following agreement. The Defendant agrees that this agreement will be executed by a corporate representative who is duly authorized by the Defendant's Board of Directors to enter into this agreement and take all necessary steps to effectuate this plea agreement:

1. *Guilty Plea.* The Defendant agrees to plead guilty to an Information, which charges the Defendant with Conspiracy to violate the Bank Secrecy Act ("BSA"), Title 31 U.S.C. §§ 5318(g), 5322, by conspiring and agreeing to willfully fail to file reports of suspicious transactions relevant to possible violations of law or regulations with the Financial Crimes Enforcement Network ("FinCEN") of the U.S. Department of the Treasury, in violation of Title 18, U.S.C. § 371.

2. *Sentencing Guidelines.* The Defendant is aware that the sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines" in an advisory capacity). The Defendant acknowledges and

understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable advisory guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the Court may depart from the applicable advisory guideline range and impose a sentence that is either more severe or less severe than the advisory guidelines range. The Court is permitted to tailor the ultimate sentence in light of other statutory concerns. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

3. *Information Provided to USPO.* This Office reserves the right to inform the Court and the United States Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

4. *Penalties.* The Defendant also understands and acknowledges that the maximum punishment for a violation of Title 18, United States Code, Section 371, in relation to an organization is at least one year but not more than five years of probation (USSG § 8D1.2-Term of Probation-Organizations) and a fine of not more than $500,000.00 (18 U.S.C. § 3571(c)(3) or as computed under USSG § 8C1.1 *et seq.*, if applicable.

5. *Forfeiture*. The United States and the Defendant acknowledge that the Defendant has agreed in lieu of restitution and fine to enter into a separate CONSENT TO FORFEITURE agreement with the United States wherein the Defendant agrees to forfeit $3,626,289.65 in US Currency pursuant to Title 18, United States Code, Section 981(a)(1)(A) and Title 18, United States Code, Section 982(a)(1) as property involved in federal money laundering offenses, or property traceable to such property, in violation of Title 18, United States Code, Section 1956.

6. *Restitution.* The United States and the Defendant understand and agree that pursuant to USSG § 8C2.2, because the defendant entered into a separate CONSENT TO FORFEITURE agreement therefore the organization cannot and is not likely to become able to pay restitution required under USSG § 8B1.1 and a determination of the guideline range is unnecessary because, pursuant to USSG § 8C3.3(a), no fine would be imposed. Among other things, Defendant is undergoing a voluntary liquidation and lacks the financial ability to pay any restitution in excess of the $3,626,289.65 it is agreeing to forfeit.

7. *Special Assessments.* The Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 2 of this agreement, a special assessment in the amount of $~~100.00~~ 400.00 will be imposed on the Defendant, which will be paid by the Defendant at the time of entry of this plea.

F.P.D. M.AM

8. *Voluntary Liquidation.* The United States and the Defendant stipulate and agree that the Defendant is currently engaged in activities to effectuate the liquidation, termination and dissolution of the corporate entity. The Defendant agrees to continue to undertake all reasonable efforts to liquidate all assets and accounts and terminate and dissolve the corporate entity as soon as practicable. The Defendant further agrees to report and coordinate all efforts to terminate and dissolve the corporate entity with the United States Probation Office, as directed by the Sentencing Court.

9. *Guideline Calculations.* The Defendant agrees that pursuant to USSG § 8C2.5 (culpability score) Subsection (f)(B), a rebuttable presumption, for the purposes of Subsection (f)(1) applies and the organization did not have an effective compliance and ethics program. However, the Defendant reserves the right to present evidence of remedial measures and improvements to its compliance program for the consideration of the United States Probation Office and the Court prior to or at sentencing.

10. *Criminal History.* The Defendant has no prior criminal history, but it has been subject to regulatory enforcement actions brought by the Puerto Rican regulatory authorities.

11. *Sentence will be determined by the Court.* The Defendant is aware and understands that the sentence has not yet been determined by the Court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The Defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The Defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the Defendant may not withdraw its plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, the government, or a recommendation made jointly by both the Defendant and the government.

12. *General Waivers regarding Forfeiture.* The Defendant agrees that the forfeiture of $3,626,289.65 is independent of any other assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The Defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United

States Constitution. In addition, the Defendant agrees to waive the procedural requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) solely with respect to its corporate appearance for the forfeiture proceeding. This waiver is strictly limited to the forfeiture of the agreed-upon sum of $3,626,289.65 and does not affect the rights or defenses of any of the Defendant's current or former officers, directors, employees, or agents.

13. *Appeal Waiver*. The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford the Defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the Defendant hereby waives all rights conferred by §§ 1291 and 3742 to appeal any sentence imposed, including any assessment, forfeiture, or restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure or an upward variance from the advisory guidelines range that the Court establishes at sentencing. Notwithstanding the foregoing, this waiver shall not preclude an appeal of: (a) any fine imposed in addition to the agreed-upon forfeiture, including on Eighth Amendment or inability-to-pay grounds; or (b) any sentence that includes an additional fine, restitution, or conditions of probation that impedes the Defendant's liquidation. The Defendant further understands that nothing in this agreement shall affect the government's right to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the Defendant's sentence pursuant to §§ 3742(b) and 1291, the Defendant shall be released from the above waiver of his right to appeal his sentence.

14. By signing this agreement, the Defendant acknowledges that it has discussed the appeal waiver set forth in this agreement with the Defendant's attorney. The Defendant further agrees, together with the United States, to request that the district court enter a specific finding that the Defendant's waiver of its right to appeal the sentence to be imposed in this case was knowing

and voluntary.

15. *Scope of the Agreement.* This agreement binds the Defendant and the Southern District of Florida and is pertinent to this case only. The Defendant understands that this agreement does not prohibit prosecution for other crimes outside of this case or crimes in other jurisdictions outside of the Southern District of Florida.

16. *Entire Agreement.* This is the entire agreement and understanding between the United States and the Defendant, consisting of the PLEA AGREEMENT, CERTIFICATE OF COUNSEL and COMPANY OFFICER'S CERTIFICATE. There are no other agreements, promises, representations, or understandings.

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

DATE: 10/28/2026

FELIPE PLECHAC-DIAZ
ASSISTANT UNITED STATES ATTORNEY

DATE: 10/23/2026

BLUE OCEAN INTERNATIONAL BANK, LLC
JEAN-LOUIS GEYR
AS DIRECTOR, AND AUTHORIZED REPRESENTATIVE OF BLUE OCEAN INTERNATIONAL BANK, LLC

DATE: 10/28/2026

MANUEL MIRANDA
ATTORNEY FOR DEFEDANT

DATE: 10/28/2026

ANDRES A. FERNANDEZ
ATTORNEY FOR DEFEDANT